1
2
3
4
5
6
7
8
9    UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA

11    SAN JOSE DIVISION

12   PRESTIGE CAPITAL CORPORATION,          )    Case No.: 5:12-cv-06072-PSG
                                            )
13                         Plaintiff,       )    **ORDER DENYING PLAINTIFF'S**
                                            )    **MOTION FOR SUMMARY**
14             v.                           )    **JUDGMENT**
                                            )
15   SHOREBIRD HOMEOWNERS ASSOCIATION )         **(Re: Docket Nos. 27, 32, 35)**
     and DOES 1 through 20,                 )
16                                          )
                           Defendants.      )
17   _____   )

18         Plaintiff Prestige Capital Corporation ("Prestige") sues Defendant Shorebird Homeowner's

19   Association ("Shorebird") on a single claim of promissory estoppel.  Before the court is Prestige's

20   motion for summary judgment.[1]  The parties appeared for oral argument on October 15, 2013.

21   Having reviewed the papers and considered the arguments of counsel, the court DENIES Prestige's

22   motion for summary judgment.

23                              **I.   BACKGROUND**

24         The following facts are taken from the statements of undisputed facts and evidence

25   submitted by the parties.

26

27   _____
     [1] *See* Docket No. 1.

28
                                                  1
     Case No.: 5:12-cv-06072-PSG
     ORDER

Between 2009 and 2010, Shorebird entered into two construction contracts with Draeger Construction Co ("Draeger").[2]  These contracts listed Adriana DaSilva ("DaSilva") as the contact person for Shorebird.  On July 13, 2012, Draeger entered into a factoring agreement with Prestige, by which Prestige bought the entirety of Draeger's interest in his accounts receivable with Shorebird.[3]  On July 17 and August 7, 2012, at the urging of Jeffrey Draeger, Draeger's owner, DaSilva signed a pair of letters (purportedly on Shorebird's behalf) (the "estoppel letters") which confirmed the outstanding invoices due to Draeger, waived any defenses or claims to the payment of those invoices, and affirmed that payment would be tendered within forty-five days.  These letters form the basis for the instant claim.

On November 30, 2012, after not receiving payment on the invoices, Prestige filed a claim for promissory estoppel in this court.

## II.   LEGAL STANDARDS

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  There are two distinct steps to a motion for summary judgment.  The moving party bears the initial burden of production by identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[5]  Where the moving party has the burden of proof at trial, he must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."[6]  If the moving party does not bear the burden of proof at trial, however, he may satisfy his

---

[2] *See* Docket No. 33, Ex. 6.

[3] *See* Docket No. 27 at 3.

[4] Fed. R. Civ. P. 56(a).

[5] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007).

Case No.: 5:12-cv-06072-PSG
ORDER

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

burden of proof either by proffering "affirmative evidence negating an element of the non-moving party's claim," or by showing the non-moving party has insufficient evidence to establish an "essential element of the non-moving party's claim."[7]  If the moving party meets its initial burden, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact for trial.[8]  A material fact is one that might affect the outcome of the suit under the governing law.[9]  A dispute is "genuine" if the evidence is such that reasonable minds could differ and find for either party.[10]

At this stage, the court does not weigh conflicting evidence or make credibility determinations.[11]  Thus, in reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the non-moving party.[12]

### III.   DISCUSSION

In order to make out a claim for promissory estoppel, a plaintiff must establish each of the following elements: (1) a promise made in clear and unambiguous terms; (2) reliance on the promise by the party to whom the promise was made; (3) the reliance was reasonable and foreseeable; and (4) the party asserting the estoppel was injured by the reliance.[13]  Elements two

---

[7] *Celotex*, 477 U.S. at 331.

[8] *See id.* at 330; *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 630, 630 (9th Cir. 1987).

[9] *See Anderson*, 477 U.S. at 248.

[10] *See Wool v. Tandem Computers, Inc.,* 818 F.2d 1433, 1436 (9th Cir. 1987).

[11] *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

[12] *See Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[13] *See Advanced Choices, Inc. v. State Dept. of Health Services*, 182 Cal. App. 4th 1661, 1672 (2010).

Case No.: 5:12-cv-06072-PSG
ORDER

and four are not in dispute; it is clear that Prestige relied on the letters in question, and as they have not yet been paid, they have been injured by this reliance.

Elements one and three, however, are in dispute, and the court's analysis of these elements focuses on whether DaSilva had the authority sign the estoppel letters on Shorebird's behalf. The parties do not contest that DaSilva in fact signed the letters.  However, Shorebird asserts that in doing so, she acted beyond the scope of her authority as its managing agent, and that Prestige knew or should have known that DaSilva lacked the authority to unilaterally waive legal defenses on Shorebird's behalf.

"Agency can be either actual or ostensible.  An actual agency exists when the agent is really employed by the principal, while ostensible agency exists when the principal either intentionally or by want of ordinary care, causes a third person to believe another-who is not really employed by him-to be his agent."[14] An agency relationship may be limited to a particular transaction or act, or it may be a general agency of unlimited scope.[15] In general, "[t]he establishment of 'authority' is [ ] a question of fact." [16]

The court begins with the issue of actual agency.  Here, Shorebird denies that DaSilva had the authority to sign the estoppel letters on its behalf as the letters effectively entered Shorebird into a contract, which required approval from their board.[17]  They offer evidence that she knew that she did not have this authority and that she acted outside the scope of her contractual authority as its "managing agent" in doing so.[18] A careful review of the evidence submitted by Shorebird

---

[14] *Hispamoto, S.A. v. Kawasaki Motors Corp., USA*, 874 F.2d 816, 817 (9th Cir. 1989) (citing Cal.Civ.Code §§ 2298-2300).

[15] Cal. Civ. Code § 2297.

[16] *Hispamoto, S.A. v. Kawasaki Motors Corp., USA*, 874 F.2d 816, 817 (9th Cir. 1989) (citing *Bell v. Exxon Co., U.S.A.*, 575 F.2d 714, 715 (9th Cir.1978)).

[17] *See* Docket No. 32 at 2-3 (citing Da Silva Deposition, Boyd Declaration, Management Contract, and Shorebird Articles of Incorporation).

[18] *See id.*

Case No.: 5:12-cv-06072-PSG
ORDER

United States District Court
For the Northern District of California

1    confirms that a reasonable finder of fact could certainly find that DaSilva was not actually

2    authorized to issue the estoppel letters.

3          The court next turns to the issue of ostensible agency.  In California, there are three

4    requirements to demonstrate that a principal is bound by the acts of an ostensible agent.[19]  First,

5    "the person dealing with the agent must do so with belief in the agent's authority and this belief

6    must be a reasonable one."[20]  Second, "such belief must be generated by some act or neglect of the

7    principal," and third, the party 'relying on the agent's apparent authority must not be guilty of

8    negligence' in so relying."[21]  "Ostensible authority must be established through the acts or

9    declarations of the principal and not the acts or declarations of the agent."[22]

10         Prestige offers evidence that even if DaSilva lacked the actual authority to sign the

11   estoppel letters, it believed that DaSilva was acting as Shorebird's agent, and that this belief was

12   reasonable based on: (1) her title as "managing agent" of the property, a title she was granted by

13   Shorebird without any qualifications;[23] (2) the fact that other estoppel letters signed by DaSilva

14   had, in fact, been paid by Shorebird;[24] and (3) DaSilva is listed as the contact person in the original

15   contract between Draeger and Shorebird.[25]  Shorebird, however, tenders its own evidence that it

16   would have been negligent for Prestige to believe that DaSilva had the authority to sign away legal

17   defenses on Shorebird's behalf because Prestige  had access to the Management Contract

18   describing the limits of DaSilva's authority.[26]  Furthermore, Prestige's President and CEO testified

19

20   [19] *See Associated Creditors' Agency v. Davis*, 13 Cal.3d 374, 399 (1975).

21   [20] *Id.*

22   [21] *Id.*

23   [22] *Preis v. American Indem. Co.,* 220 Cal.App.3d 752, 761 (1990).

24   [23] *See* Docket No. 27 at 9.

25   [24] *See id.* at 11.

26   [25] *See id* at 12.

27   [26] *See* Docket No. 32 at 7.

28
                                                   5

that he relied on the Management Contract in determining that DaSilva had the authority to sign the estoppel letters.[27]

   At its core, then, the issue of ostensible agency turns on the reasonableness of Prestige's belief that DaSilva had the authority to act as Shorebird's agent in signing the estoppel letters.  This appears to be a classic situation subject to the Ninth Circuit's holding that the trier of fact's "unique competence in applying the 'reasonable man' standard is thought ordinarily to preclude summary judgment" on questions of reasonableness.[28]   This is no less true because the trier in this case is the undersigned rather than a jury. Prestige's motion for summary judgment therefore is DENIED.[29]


**IT IS SO ORDERED.**

Dated: November 4, 2013            *Paul S. Grewal*
                                   _____
                                   PAUL S. GREWAL
                                   United States Magistrate Judge

---

[27] *See id*. (citing Kaminski Deposition at 21:1-22:14).  Shorebird additionally argues that Jeffrey Draeger was an agent of Prestige, such that his actions and knowledge may be imputed to Prestige. This argument is unavailing because there is no evidence whatsoever that Prestige ever held Draeger out as its agent in any capacity, and even ostensible agency requires some action by the principal to establish the agency relationship.

[28] *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009); *see also C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 479-80 (9th Cir. 2000); *Am. Cas. Co. of Reading, Pennsylvania v. Krieger,* 181 F.3d 1113, 1121 (9th Cir. 1999) (holding that ostensible agency is a question "for a trier of fact to resolve....[which] should not ... [be] decided by an order granting a summary judgment").

[29] The court notes that Prestige has raised various objections to evidence submitted and relied upon by Shorebird.  *See* Docket No. 35.  However, on balance and in the context of resolving the issues presently disputed, these objections are unpersuasive.  Additionally, while the events at issue do not paint a flattering picture, the court DENIES Prestige's motion for sanctions against Shorebird for various alleged discovery violations. *See* Docket No. 31.

Case No.: 5:12-cv-06072-PSG
ORDER

*United States District Court*
*For the Northern District of California*